**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **LUCILLE ANNE CHAMPION,**   )<br>   )<br>   **Plaintiff,**   )<br>   )<br>   **v.**   )<br>   )<br>**SAC FEDERAL CREDIT UNION,**   )<br>   )<br>   **Defendant.**   ) | **CASE NO. 8:08CV503**<br><br>**MEMORANDUM<br>AND ORDER** |

This matter is before the court on Plaintiff's Motion for Leave to Proceed In Forma Pauperis. (Filing No. 34.) Based on the records currently before the court, the court finds that Plaintiff is financially eligible to proceed in forma pauperis ("IFP"). Plaintiff is therefore not responsible for payment of the remainder of the court's filing fee in this matter.

Because Plaintiff is proceeding IFP, the court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Therefore, where pro se plaintiffs do not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

The court has carefully reviewed Plaintiff's Complaint. Even with the most liberal construction, it is almost completely indecipherable and nonsensical.[1] Plaintiff states in broad terms various details regarding certain bank accounts, income from businesses, problems with her cars, social security income, disputes with the "Board of Mental Health," her divorce, her previous employment history, and various medical problems. (*See generally*, Filing No. 1.) As best the court can determine, Plaintiff may seek recovery of a lost deposit from Defendant. While Plaintiff has failed to properly allege a claim for lost money or breach of contract, such claims are state-court claims over which this court lacks jurisdiction. In short, Plaintiff's allegations fail to state a claim upon which relief may be granted and must be dismissed.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Filing No. 34) is granted. Plaintiff is not responsible for payment of the remainder of the court's filing fee;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. A separate judgment will be entered in accordance with this Memorandum and Order; and

4. All other pending Motions are denied.

DATED this 4th day of February, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

[1] Plaintiff has also filed 20 separate frivolous and nonsensical Motions, relating to topics ranging from Plaintiff's belief that someone is stealing her email (Filing No. 13), to Plaintiff's request that the court permit her to terminate an unwanted pregnancy (Filing No. 17), to claims of usurious interest rates on several credit cards (Filing No. 24). These Motions will all be denied. The court also notes that Plaintiff raised all of these issues in a previous action. (*See* Case No. 8:05CV204, dismissed on November 28, 2007.)

2